## Kocher *against* Bowman.

It is proper that testimony should be rejected, when, if given, it would have no legal operation upon the rights of the parties.

ERROR to the common pleas of *Luzerne* county.

Francis L. Bowman against George Kocher, Jun. This was an action of *assumpsit* by the endorsee against the endorser of a negotiable note. The whole case is sufficiently stated in the opinion of the court.

*Wright*, for plaintiff in error.
*M'Clintock*, for defendant in error.

The opinion of the court was delivered by

Huston, J.—This was a suit by Bowman, as endorsee, against Kocher, as endorser of a note for 100 dollars, as follows:—

"$100. Ninety days after date, I promise to pay, at the Wyo-

[Kocher v. Bowman.]

ming Bank, to the order of George Kocher, Jun., one hundred dollars, without defalcation—value received.

"Philip Jackson, Jun.

"'Credit the drawer, George Kocher, Jun.

"Endorsed, George Kocher, Jun."

The narr. was in the usual form, stating the making of the note by Jackson, the endorsement by Kocher, and delivery of the note by him to Bowman, the demand, notice, &c., &c.

This is all regular.  Then the defendant called Edward Carr, who stated, " I understood from Bowman, at the time the arrangement with Jackson for the leather was made, that he would take in payment for the leather Philip Jackson's note, endorsed by Kocher, and would endorse it with him, and offer it in the bank for discount; I was present when the note was given; I was present when Jackson asked Kocher." He offered to prove by the same witness, in connection with the foregoing, " that Philip Jackson went with the note in question to Mr Kocher, and told him if he would endorse the same, before it was presented in bank, it should be endorsed by the plaintiff, as one of a similar kind had been previous to this, but which was not discounted, in consequence of some informality, by the directors of the bank, and he, Kocher, endorsed the note under this representation; that the note was afterwards offered for discount in bank without the name of Bowman; that the defendant then gave notice to the directors of the bank not to discount the same, because Bowman's name was not on it; that it was not discounted, and the plaintiff procured it from the bank and brought suit on it, of all of which the plaintiff had notice." This was objected to, rejected, and exception taken by defendant.

The evidence given was, in substance, that Jackson got leather from Bowman, and was to pay in a note by Jackson, endorsed by Kocher.   There was no evidence offered to prove that any part of the money, expected to be raised on the note, was for the use of any other person than Bowman.   The note was drawn to Kocher alone, and endorsed by him, and if Bowman had subsequently endorsed it, and got the money from bank, and Jackson failed to pay, this would not have rendered Bowman and Kocher jointly liable to the bank; it might have sued either.   If the first resort had been to Bowman, and he had been compelled to pay, he would have had recourse to Kocher, the previous endorser, precisely as he has now, and would have recovered the whole from him.

There is no evidence that Bowman ever agreed to endorse a note for the accommodation of Jackson, or to become jointly liable with Kocher for the amount.   He never spoke to Kocher on the subject, nor did he draw the note, or even see it until brought to him endorsed by Kocher; it was to be a payment to Bowman for leather sold to Jackson, and Bowman supposed he would get cash for it by endorsing it and presenting it to the bank.

After this was rejected, the defendant offered the deposition of

X.—M

Philip Jackson, taken on commission to Ohio. This testimony was, that the first note, in lieu of which this was given, was not, as he thought, endorsed by Bowman, (which was left uncertain by the above offer); it was substantially the same as the above offer, with this difference, that Bowman requested him (Jackson) to get a good endorser on the note, for he, Bowman, could not get the money from bank on his own endorsement alone. This also was objected to, and rejected and exception taken. As it is an offer of the same testimony in substance, we must suppose it was rejected for the same reason, viz. that it had no tendency to discharge the defendant from the liability for the money; indeed, his answer to the last question went to show that Bowman understood, and intended the note to be a payment to himself, and wished the note to be such, that by endorsing it he could make it a payment in cash.

The allegation that the defendant understood it otherwise, is not to be attributed to Bowman, with whom he had no communication. The testimony rejected was rightly overruled as being such as could not possibly affect the result.

It was argued here as if the objection to this testimony had been, that Philip Jackson was not a competent witness, being a party on the note. It does not appear what the objection was; whether the objection was to the matter contained in the deposition, or to the competency of the witness; but as it came just after the rejection of the previous offer, and was in substance an offer to prove by another witness what had already been decided to be inadmissible, we take it, it was rejected for the same reason, and shall not go into the question of the competency or incompetency of the witness. There would, in this view of the matter, be sufficient reason for rejecting the testimony, though no objection to the competency of the witness.

Judgment affirmed.